ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ISMAEL PANTOJA MARTÍNEZ; RAFAEL QUIÑONES MARTÍNEZ, <br><br>Peticionaria, <br><br>v. <br><br>MANATÍ MEDICAL CENTER; DR. ARMANDO CRUZADO RAMOS; DRA. YARELIS VÁZQUEZ PÉREZ; DR. ADRIÁN ARROYO OTERO: DR. JORGE L. CORTÉS RUIZ; DR. VÍCTOR L. PÉREZ LABIOSA; DR. EDUARDO GONZÁLEZ PONS; DR. LUIS PAZ REYES; DR. DANIEL VILLALOBOS COLÓN; DR. DAVID H. SOLÍS LÓPEZ; DRA. MIOSITI DÍAZ APONTE; DRA. KATHERINE FOSTER DE LA CRUZ; DR. JORGE BERTRÁN PASARELL; DRA. YURI CORRALES HIGUERA; DR. LUIS D. RAMOS TAVÁREZ; SALUS ER SERVICES, LLC; HOSPITAL AUXILIO MUTUO; DOCTOR´S CENTER HOSPITAL MANATÍ CORP.; SINDICATO DE ASEGURADORES PARA LA SUSCRIPCIÓN CONJUNTA DE SEGURO DE RESPONSABILIDAD PROFESIONAL MÉDICO-HOSPITALARIA (SIMED); PUERTO RICO MEDICAL DEFENSE; JUANES DEL PUEBLO 1 AL X; SOCIEDAD LEGAL DE BIENES GANANCIALES SUTANO-MENGANO I AL X; COMPAÑÍAS ASEGURADORAS ABC, DEF y XYZ; JOHN DOE y RICHARD DOE, <br><br>Recurrida. | KLCE202400391 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo. <br><br>Civil núm.: SJ2022CV03458. <br><br>Sobre: impericia médica; daños y perjuicios. |
|---|---|---|

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

Número identificador

SEN2024_____

SENTENCIA

En San Juan, Puerto Rico, a 16 de mayo de 2024.

Comparece la parte peticionaria, compuesta por los señores Ismael Pantoja Martínez y Rafael Quiñones Martínez, y nos solicita que revisemos y revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo, el 6 de febrero de 2024, notificada a las partes litigantes al día siguiente. Mediante la misma, el foro primario dio por admitidos los hechos que surgían del requerimiento de admisiones notificado a la parte peticionaria por los recurridos, Dr. Luis A. Paz Reyes y el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Médico-hospitalaria (SIMED).

Por los fundamentos que expondremos a continuación, expedimos el *auto de certiorari* y revocamos la *Resolución* recurrida.

I

El 2 de mayo de 2022, el señor Pantoja y el señor Quiñones presentaron una demanda contra la parte recurrida del título. En esencia, alegaron que los actos negligentes del Manatí Medical Center y sus empleados resultaron en la muerte de la señora Victoria Martínez Tirado, madre de ambos[1].

Como parte de los procedimientos, el **10 de noviembre de 2023**, la parte recurrida cursó a los peticionarios un requerimiento de admisiones[2]. El **28 de noviembre de 2023**, los peticionarios solicitaron al Tribunal de Primera Instancia que les concediera una prórroga de veinte (20) días, contados a partir de la notificación de la orden, para contestar el requerimiento[3]. El **29 de noviembre de 2023**, el foro primario le concedió la prórroga solicitada[4]. Por tanto, los peticionarios tendrían hasta el **19 de diciembre de 2023**, para remitir las contestaciones solicitadas. El **18 de**

---

[1] *Véase*, apéndice de la parte recurrida, a las págs. 1-16.

[2] *Íd.*, a las págs. 38-40.

[3] *Íd.*, a las págs. 41-42.

[4] *Íd.*, a la pág. 43.

**diciembre de 2023**, la parte peticionaria envió a la representación legal de la parte recurrida las contestaciones del requerimiento de admisiones[5].

El **26 de diciembre de 2023**, la parte peticionaria presentó una moción para informar que su representación legal estaría de vacaciones hasta el 10 de enero de 2024[6]. A su vez, solicitó una prórroga de treinta (30) días, computada a partir de esta última fecha, para replicar u oponerse a cualquier escrito presentado por la parte recurrida durante ese periodo.

Ese mismo día, la parte recurrida presentó una moción al foro primario[7]. En ella, adujo que, a pesar de haber recibido las contestaciones al requerimiento de admisiones el 18 de diciembre de 2023, estas no fueron suficientes e incumplían con la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V. En vista de lo anterior, solicitó al Tribunal de Primera Instancia que ordenara a la parte peticionara contestar el requerimiento de admisiones de manera responsiva, en un término perentorio de quince (15) días o hasta el 10 de enero de 2024. En la alternativa, solicitó al foro primario que diera por admitidos todos los requerimientos de admisión por no haber sido contestados oportuna o adecuadamente.

Así las cosas, el **29 de diciembre de 2023**, el tribunal emitió una orden con relación a la petición de la parte recurrida. La misma establecía que el tribunal tomaba conocimiento de que las partes se encontraban activas en el proceso de agotar los remedios de la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V.

El **2 de febrero de 2024**, la parte recurrida presentó una nueva moción en la que reiteró su solicitud para que se diera por admitidos los requerimientos[8].

---

[5] *Véase*, apéndice del recurso, a las págs. 44-54.

[6] *Íd.*, a las págs. 55-56.

[7] *Íd.*, a las págs. 57-59. Cabe resaltar que de la referida moción surge que la parte recurrida accedió a esperar que pasara la época festiva para retomar los asuntos relacionados al descubrimiento de prueba de conformidad con la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V.

[8] *Íd.*, a las págs. 68-72.

El **7 de febrero de 2024**, el Tribunal de Primera Instancia emitió su *Resolución*. Determinó que las contestaciones ofrecidas por la parte peticionaria no establecían las gestiones realizadas para obtener la información requerida. Aseveró que dicha omisión representaba el incumplimiento de la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V. Por lo tanto, dio por admitidos diecisiete (17) de los requerimientos de admisiones.

Inconforme con la determinación del foro primario, el 21 de febrero de 2024, los peticionarios presentaron una moción de reconsideración.

Por su parte, el 26 de febrero 2024, los recurridos presentaron su oposición. Sometido el asunto, el 6 de marzo de 2024, el Tribunal de Primera instancia declaró sin lugar la moción de reconsideración.

Aún inconforme, el 4 de abril de 2024, los peticionarios instaron este recurso y formularon el siguiente señalamiento de error:

> Erró el TPI al dar por admitidos los requerimientos de admisiones cursados por los codemandados, Dr. Paz y SIMED, a los demandantes, los cuales están todos relacionados a materia pericial sobre el tema de medicina siendo el presente caso uno de impericia médica.

(Énfasis omitido).

Por su parte, el 24 de abril de 2024, comparecieron los recurridos y presentaron su oposición a la expedición del recurso.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

Los requerimientos de admisiones están regulados por la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V. El Tribunal Supremo de Puerto Rico ha explicado que:

> [...]. Los requerimientos de admisiones cumplen una función importante en nuestro sistema adversativo, pues sirven como un instrumento sencillo y económico para delimitar las controversias del caso. [...]. Así lo reconocimos en *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. 563 (1997), donde expresamos que la Regla 33 de Procedimiento Civil [...], que regula lo relativo al requerimiento de admisiones, persigue "aligerar los procedimientos para definir y limitar las controversias del caso y proporcionar así un cuadro más claro sobre éstas". [...].

A través de un requerimiento de admisiones una parte puede requerir a la otra que admita la veracidad de cualquier materia que esté dentro del alcance [del descubrimiento de prueba], **respecto a cuestiones u opiniones de hechos** o con la aplicación de la ley a los hechos, o que admita la autenticidad de cualquier documento que se acompañe con el requerimiento. [...]. **El efecto de dicha admisión es que releva a la parte adversa de tener que presentar en el juicio prueba del hecho admitido y de esta forma propicia que se acorte la audiencia y que no se incurra en gastos innecesarios**. [...]. **Por lo tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta**.

La parte interpelada tiene que admitir o negar lo requerido bajo juramento o presentar una objeción escrita sobre la materia en cuestión dentro del término de 20 días. Si ésta no cumple con este término, "las cuestiones sobre las cuales se solicitó la admisión, automáticamente se tendrán por admitidas". [...]. **El requerido tiene un deber afirmativo de responder y de efectuar las gestiones necesarias para obtener la información para admitir o negar**.

*Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171-172 (2007). (Énfasis nuestro; citas omitidas).

De otra parte, la Regla 34 de Procedimiento Civil, 32 LPRA Ap. V, regula lo relacionado a las controversias que puedan surgir en torno al descubrimiento, la negativa a descubrir lo solicitado y sus consecuencias. En específico, la Regla 34.1 provee el procedimiento que se utiliza para requerir del tribunal, mediante moción, que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. La misma dispone que:

[c]uando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos que se plantean en la moción y que éstos han resultado infructuosos.

A su vez, la Regla 34.2 dispone que:

[l]uego de que la parte promovente haya realizado con prontitud esfuerzos razonables y de buena fe con la parte adversa y ésta se niega a descubrir lo solicitado, la parte promovente de una moción bajo esta regla podrá requerir al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado, según se dispone a continuación.

De otra parte, es norma reiterada que, en nuestra jurisdicción, existe una clara política judicial a favor de que los casos se ventilen en sus

méritos. *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 334 (2010). "Se considera un interés importante que los litigantes tengan su día en corte y que las partes no se vean perjudicadas por los actos o las omisiones de su abogado". *Íd.*

III

En síntesis, la parte peticionaria aduce que el Tribunal de Primera Instancia incidió al dar por admitidos los requerimientos de admisiones cursados por los recurridos. Arguye que los mismos estaban relacionados a materia pericial, que solo podía ser contestada por el perito contratado con el fin de establecer la negligencia de los demandados en el caso del título. Además, aducen que cumplieron con la Regla 33(a) de Procedimiento Civil, toda vez que especificaron la razón por la cual negaron el requerimiento y las razones fundamentadas para ello. Finalmente, expusieron que el foro primario contaba con alternativas previas a dar por admitidos los requerimientos; tales como otorgarles un término para contestar a la moción u ordenarles contestar lo requerido.

Por su parte, los recurridos plantearon que las contestaciones al requerimiento notificadas por la parte peticionaria revelan que esta no realizó esfuerzos razonables dirigidos a responder satisfactoriamente, por lo que los hechos allí consignados quedaron admitidos conforme a derecho. Además, sostienen que no resultaba necesario que el tribunal se expresara en cuanto a admitir los requerimientos, pues al no ser contestaciones responsivas, ello era suficiente para su admisión.

Cual expuesto, en el caso de autos la parte recurrida envió un requerimiento de admisiones a los peticionarios. Estos contestaron el requerimiento dentro del plazo establecido para ello, sin embargo, la recurrida objetó las respuestas y solicitó al tribunal que les ordenase contestar adecuadamente el requerimiento. Al atender la moción de la parte recurrida, el foro primario se limitó a tomar conocimiento de que las partes habrían de agotar los remedios de manera extrajudicial, conforme a lo dispuesto en la Regla 34.1 de Procedimiento Civil. Posteriormente, la parte

recurrida solicitó nuevamente que se ordenara a los peticionarios que contestaran el requerimiento de admisiones.

Ante ello, el foro primario, sin permitir a las partes expresarse, dio por admitido el requerimiento de admisiones objeto de esta controversia. Evaluadas las sendas posturas de las partes litigantes, la totalidad de las circunstancias y el derecho aplicable, concluimos que en este caso el foro primario debió, conforme le permite la Regla 34.2 de Procedimiento Civil, 34 LPRA Ap. V, dictar una orden para obligar a la parte promovida a descubrir lo solicitado.

Es decir, el foro primario actuó de manera prematura y dio por admitidos hechos que prácticamente harían innecesaria la celebración de una vista en su fondo. Ello atenta contra el derecho de la parte peticionaria a su día en corte[9].

## IV

Por los fundamentos expuestos, expedimos el auto de *certiorari*[10] y revocamos la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Cabe aclarar que este Tribunal no pasa juicio sobre la validez de las objeciones a los requerimientos de admisiones o a sus contestaciones. Ello será materia de análisis por el foro primario.

[10] *Véase*, la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, así como la Regla 40 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Concluimos expresamente que el foro primario abusó de su discreción y, con nuestra determinación, evitamos un fracaso a la justicia.